JASON SKALA
LAW OFFICE OF JASON SKALA, LLP
800 E. Dimond Boulevard, Suite 3-305
Anchorage, AK 99515
Tel: (907) 569-6633
Fax: (907) 569-6001

Attorney for Plaintiff the Estate of Abigail Osborne and the
Estate of Joshua Osborne

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THE ESTATE OF ABIGAIL OSBORNE and THE ESTATE OF JOSHUA OSBORNE,<br><br>Plaintiff,<br>-vs-<br><br>KYLE MEAD, IN PERSONAM, and F/V MISS DESTINEE,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

### SEAMAN'S ACTION PURSUANT TO 28 USC § 1916 UNSEAWORTHINESS/JONES ACT NEGLIGENCE AND WRONGFUL DEATH

COMES NOW Plaintiffs, THE ESTATE OF ABIGAIL OSBORNE and THE ESTATE OF JOSHUA OSBORNE, by and through their attorney, The Law Office of Jason Skala, LLC and for their complaint against Defendants KYLE MEAD, personally, and the vessel F/V MISS DESTINEE, *in rem,* do state and allege as follows:

1. This is a case of admiralty and maritime jurisdiction as hereinafter more fully appears filed pursuant to Federal Civil Rule 9(h) and 28 U.S.C. § 1333(1).

2. That at all times material hereto, Plaintiffs were wrongfully killed seamen excepted from requirement of the payment of fees and costs pursuant to 28 U.S.C. § 1916.

COMPLAINT 1

3.     On information and belief, defendant Kyle Mead, was doing business in the State of Alaska at all relevant times and is subject to the jurisdiction of this Court.

4.     On information and belief, defendant, Kyle Mead, was at all times relevant hereto, the captain of the F/V Miss Destinee and operated the vessel individually, and as a joint venture with the crew working as ordered.

5.     On information and belief, Defendant Khris Moore, was at all times relevant hereto, the owner of the F/V Miss Destinee.

6.     In the Summer of 2017, Plaintiffs were hired as crew members of the F/V Miss Destinee to be paid a % crew share of the profits of the vessel during their work period.

7.     On or about July 4, 2017, the Plaintiffs were wrongfully killed due to the negligence of defendants and/or the unseaworthiness of the F/V Miss Destinee when the boat took on water and capsized near Kodiak, AK.

8.     Defendant Kyle Mead failed to wake up the Plaintiffs during the crossing in which the vessel capsized preventing them from preparing for potential hazards during the crossing, including but not limited to the vessel capsizing,

And/Or

send another other crew member down to wake them up so they could get out from below deck where they were sleeping and be prepared to evacuate, like Defendant Mead and the other crewmember who was awake;

and/or

maintain the vessel in a seaworthy condition suitable for save operation in expected sea conditions, including but not limited to the storage of catch in a hold with baffles and/or dividers and/or a positive pressure fish hold to prevent surface effects of catch and water in the fish hold affecting the stability and seaworthiness of the vessel.

9.     As seaman, Plaintiffs were entitled to the protections of the Jones Act, 46 U.S.C. § 30104, and further entitled to a warranty of seaworthiness as to the F/V Miss Destinee by the defendant, Kyle Mead, and the owner Khris Moore.

10. The Plaintiffs wrongful deaths was proximately caused by conditions that rendered the F/V Miss Destinee unseaworthy and constituted a breach of Defendants' duty to provide a seaworthy vessel, including but not limited to equipment and sufficient crew to run safely and without injury during seas conditions.

11. An additional proximate cause of plaintiffs' wrongful deaths were the negligence of the vessel skipper and crew in breaching their duties to properly prevent unseaworthy conditions and/or to address the problems caused by such conditions, including but not limited to the failure of the defendant, Kyle Mead, to address the modifications he had done to the boat previous to it departing into rough seas and/or the use of baffles and/or smaller fish hold chambers to minimize surface effects of the catch detrimentally affecting the seaworthiness of the vessel.

12. As a result of the unseaworthy modifications and vessel negligence, Plaintiffs suffered injuries resulting in their wrongful deaths.

13. The injuries to the Plaintiffs have resulted in damages to them including pre-death pain and suffering, lost earning capacity and wrongful deaths.

## FIRST CAUSE OF ACTION
### (Unseaworthiness)

14. The plaintiffs re-allege and incorporates by reference the allegations of paragraphs 1 through 13 of this Complaint.

15. The vessel's owner, Khris Moore, had an absolute and non-delegable duty to maintain the F/V Miss Destinee such that the defendants are liable to Plaintiffs for said injuries and losses in the amounts to be proven at trial, but in no event less than $2,000,000.00.

## SECOND CAUSE OF ACTION
### (Jones Act Negligence)

16. Plaintiffs reallege and incorporates herein by reference the allegations of paragraphs 1 through 15 of this Complaint.

17. The injuries to the Plaintiffs resulted from the breach of the duty of care owed to them under the Jones Act, 46 U.S.C.A. § 30104, and/or under general maritime law. As a result of said negligence, Plaintiffs suffered injuries and loss of life as described above, and defendants are liable to them in amounts to be proven at trial, but in no event less than $2,000,000.00.

## THIRD CAUSE OF ACTION
### (F/V MISS DESTINEE *in rem*)

18. Plaintiffs reallege and incorporates herein by reference the allegations of paragraphs 1 through 17 of this Complaint.

19. As the vessel on which the Plaintiffs were working at the time of their death, the F/V Miss Destinee is liable *in rem* for Plaintiffs losses.

## FOURTH CAUSE OF ACTION
### (Unpaid Maintenance and Cure)

20. Plaintiffs reallege and incorporates herein by reference the allegations of paragraphs 1 through 19 of this Complaint.

21. As a result of Plaintiffs' injuries while in the service of F/V Miss Destinee, defendant Kyle Mead had an absolute duty to pay Maintenance and the expenses associated with plaintiff's wrongful deaths injuries, otherwise known as "Cure."

# PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for relief as set forth hereinafter.

1. A judgment against defendant Kyle Mead for unpaid Maintenance and Cure, including but not limited to punitive damages for the failure to make such payments in a timely manner.

2. A judgment against defendant Kyle Mead for damages due to vessel unseaworthiness and Jones Act negligence.

3. For the issuance of an *in rem* warrant and arrest instructing the United States Marshal to arrest F/V Miss Destinee, its engines, tackle, gear, and appurtenances and to detain the vessel in his custody subject to further order of the Court.

4. For judgment *in rem* in favor of plaintiffs against F/V Miss Destinee, foreclosing his maritime lien for maritime tort in an amount to be proven at trial for plaintiffs' damages, together with interest, costs, and attorney fees, said judgment to have priority over all other liens and mortgages.

5. For an Order directing the United States Marshall to sell F/V Miss Destinee, its engines, tackle, gear, and appurtenances, and all other necessaries appertaining and belonging to the vessel and directing the disbursement of the proceeds in the first instance to the plaintiffs to the extent necessary to satisfy their judgment against Defendant.

6. Plaintiff's reasonable costs and attorney's fees.

///

///

COMPLAINT 5

7. Such other relief as the Court deems appropriate.

THE LAW OFFICE OF JASON SKALA
Attorney for Plaintiffs

DATED at Anchorage, Alaska this 18th day of September, 2018.

By _____
JASON SKALA
ABA No. 0105031
Phone: (907) 569-6633
Fax: (907) 569-6001
Email: jason@arcticattorneys.com